Good morning, my name is Alethea Heizer and I appear today on behalf of the commissioners of the Minnesota Department of Commerce and Public Utility Commission. As this court likely recalls this is the second time the matter of North Dakota v. Lange has been before it. On the previous visit the court affirmed the district court's summary judgment in favor of appellees but did so based on three distinct rationales with one opinion based on the Dormant Commerce Clause and two decisions based on preemption. Subsequent to that decision the court remanded a fee issue that was before it. In that remand order Judge Loken indicated that he would deny fees for the reasons in our brief. It's a position we agree with. The district court also was asked to consider three specific issues. Our North Dakota and its Industrial Commission persons within the meaning of 1983. If they are not, are the other plaintiffs entitled to recover under section 1988 for their fees? And third, are there special circumstances that would render an award in this case unjust? The district court considered these issues and ultimately awarded appellees 1.3 million in attorney's fees. We respectfully asked the court to overturn that. The district court made errors of law or in the alternative abuse or So first, whether a plaintiff is entitled to recover fees as a prevailing party is an issue of law that this court can review de novo. To recover fees each plaintiff has the burden of proof to establish that they are entitled to relief under section 1983 and therefore entitled to fees under section 1988 and they must come forward with some evidence in support of a reasonable reasonable fee award in their favor. Each of the appellees in this case is So first, I'm going to start by discussing sort of the state plaintiffs here, the state of North Dakota and the Industrial Commission. Um, and as an initial and sort of fundamental matter, their claim for fees here under section 1988 fails because they have never come forward with any evidence that establishes their standing to ask for relief from this court. Um, as the United States Supreme Court recognized in Lewis v Casey, standing is not dispensed in gross. Um, it is a foundational requirement of the court's exercise of power, the constitutional minimum. And as such, appellate courts have an obligation to raise it sua sponte if it's assumed erroneously below. Um, in Lujan, the Supreme Court has explained that a party invoking federal jurisdiction bears the burden of establishing the elements of standing. They are not mere pleading requirements. They are an indispensable part of the plaintiff's case. I recall that as the district, did the district court ever rule on standing? As part of summary judgment, standing was raised for the prior appeal. Yes. And did the district court rule? So, so you can't remember what we said about it. We didn't decide it. Yeah. So I will happily answer. So at summary judgment phase, the defendants in this case came forward and said all of the plaintiffs were lacking in standing. In response to that argument, the plaintiffs came forward and put in argument and related to a handful of the private plaintiffs. Um, specifically, I know the district court ended up finding standing for basin for M. R. E. S. For Minn Kota. I think those are the three. This court affirmed that what was notably missing at the summary judgment phase was any argument or any record in defense of North Dakota, its industrial commission or the other plaintiffs. No, the district court has never addressed North Dakota standing. Correct. Yes. Why why did you wait to raise it on appeal and tell us we can raise it to a sponte? Um, I, so what happened is, as the briefing was going on here in in their response brief, really for the first time, North Dakota and the industrial commission started to come forward and say, here's our basis for saying we have, for example, quasi sovereign standing, something they'd never said before the fee stage of this case. Um, and they started to actually point to things and it became very evident they were pointing just to pleadings. Um, I respectfully was not counsel at the underlying summary judgment phase, but I went back, looked at the record and it was clear there had never been even an argument made and never any evidence put in the record to support either North Dakota or their industrial commission standing. Um, so I raised it at that time. It is, of course, legally irrelevant when it was raised. It is an issue that cannot be waived and issue. The court must be in a case. Um, and so what Lou John explains is that in response to his hon is how you say that Luhan Luhan in response to a summary judgment motion, a plaintiff cannot rest on your allegations. They have to come forward, uh, by affidavit or other evidence. Um, what are you asking? Are you saying that we should send it back for the district court to develop the record on whether the state has standing since the issue was never raised? No, I think the issue was raised. North Dakota declined to come forward with evidence at that time. They have waived at this point any claim that they have standing in this case. Um, and that's based on, um, for example, the court's decision in McLean, the American Economic Insurance. Um, I would also point out in in one case, it's called the Breitberg Beach v Charter case. It's a case that actually wasn't cited in our brief. So I'll give you the citation for it. It's 836 F. Three D. 9 25. This court explained that in a 28 J letter, please. I absolutely will do that. And I have provided a copy to opposing counsel this morning. Um, this court explained that Congress does not have the authority as a matter of statutory law to provide for relief to a party who doesn't meet the constitutional minimums of standing. Um, and so, um, the fact that North Dakota and the Industrial Commission don't have standing here haven't established it, and it's not a matter of records. I won't get in. I can't get into whether or not they could or not. But, um, but they haven't. They've elected not to come forward with that evidence with any evidence that they potentially could have. Um, means that they haven't established Article three standing in this court simply just doesn't have the relief and and nothing in the central language of 1983 provides an avenue for North Dakota to recover here. Um, turning to the private appellees, um, their claim for relief fails for a different reason, and that's because they haven't come forward with evidence that supports their claim as a separate plaintiffs in this case for attorneys fees. Um, in Hensley, the Supreme Court has explained that the fee applicant bears the burden of proof to establish their entitlement. Um, and when we look at the record here, what we have are invoices that are all addressed to the state of North Dakota Industrial Commission. We've put forth put evidence into the record showing that the state of North Dakota has, in fact, paid those fees. Um, all of them, it appears, and there's no evidence of any other fees specific to any other party. Um, in response, sort of the appellees have come forward and pointed to cases that involve claims where, you know, a third party, a pro bono attorney, maybe a legal services organization paid fees on behalf of a party. And respectfully, those are not on point here. Um, these plaintiffs are not trying to recover for fees paid on their behalf. They're trying to recover for the fees that belong to a different party. And, um, that other party is notably not just a private party. It's a sovereign party. Um, opposing counsel, as he represents the state of North Dakota here, is acting as a sort of contract member of the North Dakota Attorney General's office. Um, he's a special assistant attorney general, and his authority on behalf of North Dakota is to represent the state of North Dakota. Um, and so the fees paid by North Dakota are their own. By law, they have to be. Um, North Dakota law says that the attorney general doesn't have authority to represent private individuals. Um, and I think one of the cases cited by opposing counsel out of the Fifth Circuit, the United States V Terminal Transport Company cases, I think, um, illuminating in the sense that, um, it's a case that involved a title seven case in which the EEOC and some private plaintiffs jointly prevailed. And the opposing counsel cites it for the proposition that a when a government is involved, and that's as true as far as it goes. But what's not happening in the transport case is that private party is not asking to recover the EEOC's attorney's fees, and that's what's being asked for here. They're asking to recover North Dakota's fees, and they don't have the authority to do so. Well, how is that different from a pro bono situation where the party didn't incur any fees? Respectfully, in a pro bono situation, essentially what's happened is that the attorney has fronted the cost of the litigation on behalf of the individual. So I think that that mean work has has occurred. Somebody has has covered it on behalf of them here. What we have is only evidence of fees that belong to a different party. You're saying these private plaintiffs were not represented by any attorney in all this litigation. What I'm saying is we have no evidence of what reasonable fees they claim to have occurred because the only evidence we have about fees belongs to North Dakota. But once you say they were represented by council, how is it any different from the pro bono situation? Because they have an obligation to come forward with evidence to support their claim for reasonable fees, and all we have are fees that belong to the state of North Dakota, who is a matter of law cannot represent them. They haven't come forward with evidence to support their claim. I can't explain why that's their burden, but they haven't come forward with it. Well, what what do you say they should have done since they didn't have separate counsel? Did they have separate counsel? I mean, to my knowledge, opposing counsels represented the part, been the only counsel in this case, but I'm not their attorney. I can't I can't sort of answer to the decisions that were made about how to structure this litigation, how to pay for it, and and how to bill it. So I'm, you know, The district court also erred because I think she failed to, the court failed to recognize that there are specific circumstances that would render an award unjust in this case. As the fee invoices show, this was a case instigated by the state of North Dakota, funded by the state of North Dakota, and involving an issue of conflicting state policies on energy sources, and conflicting ideas of what is best for state citizens of two different states. And while these kind of Commerce Clause disputes or preemption disputes between states are not new or novel, the idea of trying to bring them under Section 1983 and to recover fees from another state is. Tellingly, North Dakota doesn't identify a single case in which the state has recovered attorney's fees against another state under Section 1983, and especially not in an energy case under the Commerce Clause. Nor does a case like this really represent the spirit of civil rights litigation. Fee awards in Section 1983 are intended to ensure that that litigants can can, you know, vindicate their their civil rights against well-heeled state interests. Obviously when you have a state suing a state, those are not, those those same interests are not served here. And I also point out that this case ultimately resulted in a decision with with two of the judges on this panel deciding the case based on preemption, which is not a shifting, or not a claim under which fees are available under Section 1983, and only one. I agree and that's and that's why we're not arguing as a matter of law the court was without authority to do it, but I think it does suggest a special circumstance that weighs in favor of denying fees here. And and finally the underlying merits of the case. Although I know standing was found here, this was always a case in which the state of Minnesota had never enforced a law, despite the fact that had been on the books for several years, and never agreed with the exact interpretation of the law that the court ultimately found prevailed. I'm going to reserve the rest of my time for rebuttal. Thank you. Ms. Floyd? Good morning, your honors. Thomas Boyd here on behalf of the appellees. The appellant's assertion that this is a lawsuit by North Dakota against Minnesota that involved a harmless statute, and in which a group of disinterested, nominal, non-governmental, free-riding plaintiffs, just tagged along as window dressing, is utterly false, and it intentionally ignores what actually happened in this case. Basin Electric, Minn Kota, MRES, and all the other non-governmental appellees are certainly persons who are clearly entitled to assert claims, and are injured parties entitled to relief under section 1983. And they are clearly prevailing parties who are entitled to an award of costs, including attorney's fees, under section 1988b. The district court and this court unanimously recognized. The fees are awarded to the client, not the attorneys, right? That's right, your honor. So do we have a case where two or more co-plaintiffs sue, and the facts reveal that, and they're represented by common attorneys, and the facts show that the plaintiff, the plaintiff who did not prevail on the merits, because of standing, or for whatever reason, in fact paid the bills, and yet the fees were awarded to the prevailing plaintiffs who did not incur the fee expenses? First of all, that's not our case. All of the parties... Is there a case about, like that? There are numerous cases that provide that the paid any attorney's fees in order to recover under section 1988. That's McLean. That's not true. No, no, and that's... McLean is off point. Well, I think it's on point, your honor, but in terms of what the record provides... The discussion was extraordinary circumstances. Well, special circumstances. Right. If I may go back to your comment about the record, your honor, the record does not establish that the non-governmental parties paid nothing. In fact, what the record may establish, and the record wasn't developed because my clients didn't have the burden to establish they actually paid fees in order to recover, but what the record reflects is that all, all of the parties, all of the plaintiffs were obligated to pay our fees, and North Dakota. If the court wishes us to make a record on that, which no court has required ever before, we can establish that the non-governmental parties paid more than half of the fees. Those were initially paid by North Dakota, and then through cost-sharing arrangements, those were reimbursed. Now, defendant has no right to have that information because it's not our burden to demonstrate that, but if that's critical to this court's analysis, we can set that forward. Now, there is no burden. The appellant argues we have a burden to establish exactly how much we paid in fees, but respectfully, whether it's McLean or the myriad of other cases we've provided where the services were provided to the prevailing party through pro bono, or free of charge, or through some third party's assistance, or just out of the goodness of the lawyer's heart, there's no obligation that the party, who is the prevailing party, has to establish they actually paid fees. That's an important distinction between when there's a fee shifting provision under a contract, as opposed to a statutory fee shifting provision that is intended to advance important policy objectives. So, there is no burden on the appellant's part, or the appellee's part, as the they actually paid fees. But again, if the court feels that's important, we can supplement the record either here or in the district court, but I would submit that that's never been required by any court anywhere. Earlier, there was some discussion about standing. The Eighth Circuit's long-standing principle on standing is that standing for one is standing for all, and when we North Dakota, the Eighth Circuit's case law says that. I tend to think we aren't as controlling, but what case do I read if the Supreme Court's never addressed it? Well, I think they've addressed everything on standing. I'm sure they have, and I'll ask my colleague to supply me with the case, but we've cited, I believe in our briefs here, and perhaps earlier in the district court, and I thought on this appeal, that standing for one provides standing for all. But if, you know, if that's not the way this court wants to view it, North Dakota and the Industrial Commission certainly have standing as much as MRES, or Minn Kota, or Basin Electric. Those three are all member-owned entities who include members in North Dakota. North Dakota and the Industrial Commission, as the district court found, asserted these claims in their quasi-sovereign capacity on behalf of, and to defend and protect the rights of their citizens in North Dakota, and to protect their place in the federal system. And I would submit that the same members who were protected by MRES, and whose interests were advanced by Minn Kota and Basin, were likewise provided North Dakota with standing. And lastly, I think Judge Colleton's point, we would submit that in any event, that's an issue that was waived because it was not brought up during the course of the litigation. Well, they say you waived it. Excuse me? They say you waived it because the plaintiff has to always establish his or her, or its standing. When it's challenged, and when it's something that the court requires to move forward. Now, we certainly pleaded our standing, and to the extent that was not sufficient, it was incumbent upon the defendants to make an issue of it. I mean, to bring it up now, after the case is entered? Well, oh, early on in the initial pleadings, right. Summary judge. And even then, and I believe the transcript will even reflect this, I believe defendants counsel acknowledged that standing for one was standing for all. Now, I apologize if I'm misrecalling Eighth Circuit case law. Well, standing for one is enough to move this case forward on the merits, but I guess the question is when you get into fees, and you're talking about whether the state is entitled to fees, don't you need a finding or determination whether the state has standing? And the district court never made a determination on that one way or the other because it wasn't raised in the fee proceeding. But if it's jurisdictional, the question is whether we have to. But can it be jurisdictional at this point when we've got a judgment on behalf of all of the plaintiffs, and they're asserting their rights under that judgment as the prevailing party, and now the defendants want to reach back to the very beginning of the merits of this case and argue, in defense of a fee petition, it wasn't important enough on the merits. But now they want to contort that to be able to get up to try and avoid paying fees. So the judgment says that it's in favor of the state? It's in favor of all of the plaintiffs. Including the state, even though there was never a ruling on the state's standing because the court treated it as, you say, one for all. That's right. If I may, Your Honor, it's unusual. It is unusual, and it's of the defendant's creation. It was raised early on. We defeated it. We move forward with the merits. And by the way, they never challenged North Dakota or the Industrial Commission's status as persons under Section 1983 through the merits and the entry of the judgment. It wasn't until we got to the fee petition that that suddenly became an issue. I would respectfully submit that, in fact, North Dakota and the Industrial Commission are as qualified and eligible to seek attorneys fees and to seek relief under Section 1983 in their quasi-sovereign capacity as the nongovernmental parties have been entitled to do so. While there are 11th Amendment concerns, when you're dealing with a Section 1983 claim that's asserted against state officials for the recovery of retroactive damages awards, there is no such concern when you're talking about prospective injunctive relief, which is what we were looking for. And if the judgment stage had said the North Dakota plaintiffs have no standing but they're free to fully participate as amicus, now we'd have a different fee situation. No, we wouldn't. In fact, no, we would not. No, because we would have other parties who are eligible to move forward and who prevailed and are therefore entitled to recover their attorneys fees as costs under Section 1988. There's no reason why that would change the situation. Again... Do you want to address the state's argument on special circumstances? Certainly. And I was going to start with McLean, but I understand... I'm interested in what you say about McLean. McLean, I believe, is quite clear in providing that when the fees are paid through some third party, and I think in that case it was a fundraising arrangement, it is not a special circumstance that would cause the otherwise prevailing party to be denied fees. And if I may, that's McLean, but we've also cited several other cases in the Fourth Circuit, Bills v. Hodges. It was irrelevant whether or not the prevailing party actually paid costs or special or legal fees. Voice v. Stowmans, the Ninth Circuit case, it was irrelevant that those legal services were provided by pro bono lawyers. The United States Supreme Court, Bloom v. Stinson, it was irrelevant that the prevailing party was represented free of charge through legal aid. Those are all cases cited in our brief. Likewise, parties represented under a contingent fee agreement are not capped in terms of the amount of fees they can recover. And that's another Supreme Court case, Blanchard v. Bergeson. With regard to the other arguments that they made, that the appellant has made with regard to special circumstances, the most prominent one is they characterize this as a lawsuit by North Dakota against Minnesota, which again is false. That's not the case. North Dakota is a party, but there are a myriad of other non-governmental parties. So this is a mixed case, and North Dakota was not asserting its rights as a pure sovereign. It was asserting its rights as a quasi sovereign. It ties together, really. What bothers me is all these special circumstance cases you've cited, and I haven't read them all, but I did read McLean. If North Dakota is not a person under 1983, it seems to me the special circumstance issue is quite different. That's also a big if. I would challenge that North Dakota... Okay. Then with regard to North Dakota, I suppose the argument is that North Dakota itself could not pursue a claim under Section 1983. That would be in conflict with all of the 11th Amendment jurisprudence. It would also conflict with the Inyo case, which the US Supreme Court took pains to emphasize was a very narrow, narrow circumstance, a very narrow holding that only dealt with a tribe, not even a state, but I shouldn't say that, a tribe, not a state, but some kind of different entity that was asserting its claims under sovereign immunity to exclude evidence from, I think, a criminal proceeding. That's very different from a state that's asserting a quasi sovereign interest in protecting its citizens in the same way that MRES was protecting its member communities. So I would take issue with the premise of your question, you know, if they're not a party or if they can't be a person. They certainly can. And I would also... But if they're not a person, then you're saying the private plaintiffs were persons? Yes, absolutely. So how would the special circumstance apply then? It wouldn't at all. There wouldn't be any reason for a private plaintiffs who Congress has said is entitled to recover their fees. I would emphasize Section 1983 does not exclude states from being persons for purposes of bringing a lawsuit. It's the 11th Amendment that protects states from being defendants in those circumstances where the plaintiff is seeking to recover retroactive attorneys fees, excuse me, retroactive money damages. But the statute itself does not restrict who can bring the lawsuit. It's only the 11th Amendment that protects the state actor from being subject to money damages retroactively. And then you've got Inyo that has a narrow, narrow holding that only addresses when a state may be limited from bringing a Section 1983 claim in their sovereign capacity to assert their sovereign interest in immunity. And again, the court couldn't have taken more pains and emphasized more that that was a very narrow holding unique to that situation. In fact, I think it's holding said, in this situation, the tribe cannot be a person under Section 1983. Say, I have one question. I'm not sure it's really raised in the briefs, but in these avoidance cases where the court decides the case based on a non-fee-generating claim, and the Supreme Court says, well, you can still recover fees, and I guess it's Maher says that. Have you seen any cases that address whether the fee recovery then is on both work done for the fee-generating claim and the non-fee-generating claim, or whether it's only on the fee-generating claim? I believe that we, I believe we've cited to some of those cases, and now I'm, I would have to... Yeah, okay, well, if you don't know it off the top of your head, I... But I would respectfully suggest that there would be no basis for a... Well, the possible basis would be that the I think whatever treatment the fees would receive would have to reflect the avoidance doctrine, the application of the avoidance doctrine itself. So, as long as those fees... So, if the avoidance doctrine causes the party to spend most of its time on a non-fee claim, you think they should recover on the non-fee claim? So, so long as the fee-related claim has not been denied and is it's a common... Excuse me? You're right, that's what they say. It doesn't, it's not the ordinary meaning of substantial. Well, certainly we made it here, given that the district court agreed with us, Judge Loken agreed with us, and at least, Your Honor, you, you cited to the avoidance doctrine, and Judge Murphy, you cited to Justice Brandeis' discussion of the avoidance doctrine. So, we certainly reached, meet substantiality here, and it's undisputed that it's the same common nucleus of facts. So, with that in mind, I wouldn't see any basis to parse out the attorney's fees devoted to the fee-related provision versus the non-fee related. Thank you very much for your time. Ms. Heiser for rebuttal? I'm gonna put it down. Mr. Boyd is a little taller than I am. Okay, thank you. I want to start out by saying it's a little frustrating to finally hear details about what the private plaintiffs have paid. I want to make it clear that defendants in this case have been asking for this retention agreement for years. It was declined to us. It was not put in the record. It is not in the record before this court. What is in the record before this court is evidence of invoices paid by the state of North Dakota and proof that they in fact paid those. There was a question about this sort of idea of standing for one is standing for all. I think the court is correct in pointing out that doctrine is actually one that pertains to the court's subject matter jurisdiction to reach the issues. If one plaintiff has standing, the court has subject matter jurisdiction to decide the issue. That does not mean that all plaintiffs have shown that they have standing to ask this court to issue them some sort of special relief. And what's happening here is North Dakota is asking the court to step in, force another party to by law take certain actions and the court certainly would have to have constitutional standing in order to exercise that kind of authority. What about the point that the judgment is in favor of North Dakota and apparently Minnesota didn't dispute that? I'd have to go back and look at the exact wording of the judgment but for purposes of injunctive relief it was pretty irrelevant. The injunctive relief was the all parties. Again what they're asking for now is something else. They're asking this court to affirmatively exercise its power on their behalf and it has to have the constitutional authority under separation of powers to do that. I also want to point out quickly as it relates to the section 1983 analysis, Inyo very clearly says that states as sovereigns don't have standing. The quasi-sovereign sort of theory that is coming forward now is is one that didn't come up until the attorney fee stage. It is not pled in the complaint and I will in my 28J letter also refer to a case called Lynch case which this course decided where it's looked at this question of whether a pleading contained a quasi-sovereign claim but in any event there certainly was no effort to come forward and meet that heightened burden that a quasi-sovereign claim requires and it was never brought up before and there was certainly no evidence of If I can just wrap up quickly I see my time is up. I would ask the court to deny fees because I think there were errors of law here in awarding them. In the alternative I do think the court abused its discretion. All of these issues create either special circumstances or the kind of facts that show that the full fee award awarded here is frankly an abuse of discretion. Thank you your honors. Thank you counsel. It's an important case with difficult issues and well briefed and argued and we'll take it under advisement. Do our best with it.